Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3323 | **DATE** | 9/15/2003 |
| **CASE TITLE** | Compliance Software Solutions Corp. vs. Vectech Pharmaceutical Consultants, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of defendant James T. Radigan to stay this case [21-1] is denied. The stay on discovery previously entered is lifted. Status hearing is set for 10/29/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 16 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | 24 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 SEP 16 PM 3:10 | 9/15/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS CORP., ) ) ) ) Plaintiff, ) ) vs. ) ) VECTECH PHARMACEUTICAL ) CONSULTANTS, INC., VECTECH ) INTEGRATED SYSTEMS, and JAMES T. ) RADIGAN, ) ) Defendants. ) ) | No. 03 C 3323 Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Compliance Software Solutions Corp. ("Compliance"), filed this action on May 19, 2003 against defendants, Vectech Pharmaceutical Consultants, Inc., Vectech Integrated Systems (collectively "Vectech") and James T. Radigan ("Radigan"). The complaint alleges copyright infringement (Count I) and misappropriation of trade secrets (Count II) against all defendants. The complaint also alleges that Radigan breached four parts of a Shareholder's Agreement (Counts III-VI). On May 20, 2003, Compliance moved for a temporary restraining order, which the court set for hearing on June 3, 2003 (later continued to June 5) with responses by the defendants to be filed on June 2, 2003. On June 5 Compliance's motion for a temporary restraining order was withdrawn without prejudice, and the court entered a consent order executed by the parties. The consent order placed certain materials and payments in the possession of the court pending resolution of this case.

24

Thereafter, on June 9, 2003, the defendants answered Compliance's complaint and Radigan filed counterclaims; no mention was made in the answer that any portion of the case should be referred to arbitration. Radigan's counterclaims asserted that Compliance unlawfully accessed one or more of Radigan's computers without authorization from Radigan, thereby obtaining information from his computers and damaging or eliminating data stored on those computers. Compliance filed its answer to Radigan's counterclaims on July 2, 2003. Currently Radigan has moved under 9 U.S.C. § 3 for a stay of these proceedings in favor of arbitration of Compliance's breach of the Shareholder's Agreement claims (Counts III-VI). Discovery has been stayed pending the court's ruling on this motion. For the reasons stated below, the motion is denied.

## DISCUSSION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, a court is to stay any proceeding "referable to arbitration" on application of one of the parties so long as an agreement for arbitration exists in writing. 9 U.S.C. § 3. Radigan argues that Compliance's Count III-VI claims are referable to arbitration based on Section 27 of the Shareholder's Agreement, which provides as follows,

> Section 27. **Arbitration.** All disputes, controversies, and claims arising under or relating to this Agreement ("Disputes") shall be resolved by final and binding arbitration administered in Chicago, Illinois by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules in effect at the time the Disputes arises, except that:
> (a) Arbitration of all Disputes shall be pursuant to the then current Federal Rules of Civil Procedure to the extent conflicting with the then current Commercial Arbitration Rules.
> (b) Any party to the arbitration may seek to have judgment upon the award rendered by the arbitrator(s) entered in any court having jurisdiction thereof.
> (c) Any party may file suit, motion, petition or otherwise commence any

2

legal action to enforce an award rendered by the arbitrator(s), to compel arbitration, or as is permitted in Section 12 of this Agreement. Upon the entry of any order dismissing or staying any action filed contrary to the preceding sentence, the party which filed such action shall promptly pay to the other party the reasonable attorneys' fees, costs, and expenses incurred by such other party prior to the entry of such order.

(d) Notwithstanding any contrary provisions of this Agreement, any and all parties may, from time to time, exercise any and all remedies described in Section 12 of this Agreement.

(e) In any litigation or arbitration initiated in accordance with this Agreement, the prevailing party thereunder shall be entitled to receive reimbursement from the non-prevailing party for all costs and expenses, including reasonable attorneys' fees, costs and expenses, incurred in enforcing this Agreement. The term "prevailing party" shall mean that party whose position is substantially upheld in the arbitration or in a final judgment rendered in such litigation (as the case may be), or, if the final judgment is appealed, that party whose position is substantially upheld by the decision of the final appellate body to consider the appeal.

(Def. Ex. 1.)

According to Radigan, the FAA and the Illinois Uniform Arbitration Act both require the court to compel arbitration and stay this suit based on the arbitration clause above. Radigan argues that the stay applies to the copyright and trade secret misappropriation claims, even if those claims are not subject to the Shareholder's Agreement and will not be resolved through arbitration, because arbitration is necessary to resolve some issues in this case and the entire litigation must be stayed as a result.

Compliance argues that this case should not be stayed and the Count III-VI claims not sent to arbitration because (1) any right to arbitration has been waived due to the defendants' submission to this court's jurisdiction; (2) the defendants challenge the existence of the Shareholder's Agreement itself; (3) the Shareholder's Agreement expressly allows for this litigation; (4) Radigan has defaulted in proceeding in arbitration; (5) the complaint's Count I and

3

II claims and Radigan's counterclaims do not arise from the Shareholder's Agreement and will not be resolved without proceedings in this court; and (6) the liability of the Vectech defendants is not derivative of Radigan's liability and does not arise from the Shareholder's Agreement because the Vectech defendants are not parties to the Shareholder's Agreement. Because the court agrees that the Shareholder's Agreement expressly provides for this litigation, only Compliance's third argument will be addressed.

Compliance's claim that Section 27 allows for this suit to be filed and resolved here requires reference to two other sections of the Shareholder's Agreement. Section 11 of the agreement is entitled "restrictive covenants" and provides certain obligations the parties agreed to, which are titled (1) non-disclosure of confidential information; (2) return of information; (3) non-solicitation of customers; (4) non-interference; (5) non-competition and (6) termination without cause. Compliance's Count III through VI claims seek specific performance, injunctive relief and/or damages for Radigan's continued and threatened breaches of covenants (1) (Count III), (2) (Count IV), (3) (Count V) and (5) (Count VI).

> Section 12 of the Shareholder's Agreement, entitled Remedies, provides
>
> Each Shareholder acknowledges and agrees that the restrictions set forth in Section 11 hereof are reasonable and necessary for the protection of the Company's business and goodwill and that the Company will suffer irreparable injury for which monetary damage alone would be inadequate if a Shareholder engages in the conduct prohibited thereby. Accordingly, if any Shareholder breaches or threatens to breach any such Shareholder's obligations under Section 11 of this Agreement, then the Company and/or the other Shareholders, in addition to any other remedies available under law or this Agreement, may obtain specific performance and/or injunctive relief against such party to prevent such continued or threatened breach and may recover any damages incurred as a result of any such continued or threatened breach. In the event of any breach or breaches of any obligation under Section 11 hereof, whether or not there is litigation or arbitration relating thereto, the restrictions as to duration contained

therein shall extend for a period equal to the cumulative duration of such breach
or breaches.

Compliance argues that because it is bringing an action for specific performance, injunctive relief and/or damages as a result of breaches of the Section 11 covenants, its action is expressly provided for under Section 12. The arbitration clause in Section 27 refers to Section 12 actions in two parts. After explaining that subsections (a)-(e) are exceptions to the general rule of arbitration, subsection (c) provides that "Any party may file suit, motion, petition or otherwise commence any legal action to enforce an award rendered by the arbitrator(s), to compel arbitration, *or as is permitted in Section 12 of this Agreement.* (emphasis added). Subsection (d) of Section 27 also states the parties may still "from time to time exercise any and all remedies described in Section 12 of this Agreement." Compliance's argument, therefore, is that it has done exactly what is provided for in the Shareholder's Agreement. It brought a suit for remedies listed in Section 12 based on alleged violations of the covenants contained in Section 11.

In response, Radigan reaffirms his belief that Section 27 clearly provides that all disputes are to be resolved by arbitration, and that Section 12 only relates to remedies that may be afforded and not the forum for resolving any such disputes. Radigan fails, however, to adequately explain the language of Section 27 which allows for suit to be filed or legal action commenced "as is permitted in Section 12 of this Agreement," or, in other words, for specific performance, injunctive relief and damages incurred for violations of the Section 11 covenants. While Radigan claims, despite this language, that arbitration is still clearly provided for by the agreement, he argues at most this language makes Section 27 ambiguous when viewed in light of Section 12 and that, based on Seventh Circuit precedent, ambiguity in an arbitration provision should be interpreted in favor of arbitration. *E.g., Matthews v. Rolling Hudig Hall Co.*, 72 F.3d

50, 53 (7th Cir. 1995). The language in Section 27, however, is quite clear. Subsection (c) unambiguously allows for suit to be filed or legal action otherwise commenced "as is permitted by Section 12" of the Shareholder's Agreement. Section 12 allows for actions seeking specific performance, injunctive relief and damages for violations of the Section 11 covenants. Moreover, subsection (d) clearly states that the remedies in Section 12 of the Shareholder's Agreement may be exercised by the parties. Subsections (c) and (d) are clearly identified as exceptions to the general rule of mandatory arbitration to resolve disputes.[1] Thus, these claims are not required to be arbitrated under the Shareholder's Agreement. Compliance may bring the Count III-VI claims in this court, and Radigan's motion to stay this case is denied.

## CONCLUSION

For the reasons stated above, Radigan's motion to stay this case is denied [#21]. The stay on discovery previously entered is lifted. This case will be called for status on October 29, 2003 at 9:30 a.m.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: September 15, 2003

---

[1] Indeed, there is language in Section 12 which addresses both litigation and arbitration. The last sentence of Section 12 expressly provides "whether or not there is *litigation or arbitration* relating thereto . . . ." (emphasis added).

6